## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| VIAHART, LLC | |
| Plaintiff, | Civil Action No. 6:18-cv-00604 |
| v. | Judge: Hon. Robert W. Schroeder, III |
| DOES 1-54 | Magistrate: Hon. K. Nicole Mitchell |
| Defendants | |

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS

Plaintiff Viahart, LLC ("Viahart") files this Motion for Alternative Service of Process, asking the Court to direct service of the summons and complaint via email on the Defendants listed in Exhibit B.

## INTRODUCTION

Viahart brought this action on November 19, 2018 (ECF No. 1), and filed its second amended complaint on February 26, 2020 (ECF No. 25), seeking relief against Defendants for trademark infringement and counterfeiting through use of various online e-commerce sites like Amazon, Wish, eBay, Ali Express, and Alibaba (the "Marketplaces"). Pursuant to the Court's May 15, 2019 order (ECF No. 17), Viahart sought discovery from the Marketplaces to determine the Defendants' contact information. Materials produced by the Marketplaces revealed that some Defendants

were listed under addresses in the United States (the "Domestic Defendants") and others were listed under addresses outside the United States (the "Foreign Defendants"). Viahart thereafter diligently attempted to serve the Domestic Defendants and confirm the physical addresses of the Foreign Defendants. (Ex. A, Declaration of Molson Hart.) However, each of these physical addresses have proven to be false or deficient in some way. *Id.*

Federal Rule of Civil Procedure 4(f)(3) grants the Court wide discretion to order alternative service "by other means not prohibited by international agreement." Given the lack of valid physical addresses, Viahart respectfully requests the Court to order that the Foreign Defendants can be served via email, which is reasonably calculated to provide them with notice of the action and is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Viahart further respectfully requests the Court to order that the Domestic Defendants can be served via email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2), which allows for alternative service.

## PROCEDURAL BACKGROUND AND FACTS

In its Order issued on May 15, 2019 (ECF No. 17), this Court held that "a more diligent effort" must be made to determine the Defendants' addresses, and that Viahart must "diligently attempt to locate Defendants' physical addresses and execute service on Defendants in compliance with the Hague Convention procedures." *Id.* at 8. This Court then permitted Viahart to "immediately commence discovery by

providing actual notice, pursuant to subpoena or otherwise" to various third parties who may have knowledge of Defendants' identifying information. *(*ECF No 17 at 12.)

Pursuant to the Court's Order, Viahart diligently attempted to locate Defendants' physical addresses and to execute service. Specifically, Viahart sought and obtained contact information for most of the Defendants through the Marketplaces. (Exs. A, B.) Using the addresses provided by the Marketplaces, Viahart attempted to confirm the Foreign Defendants' addresses via FedEx, by sending them a copy of the Complaint filed in this case at the addresses provided by the Marketplaces. (Exs. A, B, C.) All of these attempts failed, however, because each of the addresses were false. *Id.*

On February 26, 2020, this Court issued summonses (ECF No. 26) for the Domestic Defendants, and Viahart promptly attempted to serve each of these Defendants via U.S. process server at the physical addresses provided by the Marketplaces. (Ex. A.) Ten of these summonses were undeliverable, and one was accepted by an individual who refused to provide identification. (Exs. A, D.)

Viahart further sent emails to the Domestic Defendants and the Foreign Defendants at the email addresses provided by the Marketplaces, notifying them of this lawsuit and inviting them to discuss settlement. (Exs. A, E.) None of these emails were returned as undeliverable, and five Defendants even responded via email. (Exs. A, B, F.) Viahart thus was finally able to reach the Defendants after many diligent attempts to comply with this Court's orders and with the Federal Rules of Civil Procedure.

## ARGUMENT

### I.  Viahart Has Diligently Attempted To Serve Defendants Since This Lawsuit Was Filed

Pursuant to Federal Rule of Civil Procedure 4(m), unless good cause exists for delay, defendants within the United States must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows such good cause, "the court must extend the time for service for an appropriate period." *Id.* For service on foreign defendants, the Fifth Circuit recognizes a "flexible due diligence" standard:

> Because "district courts need to be able to control their dockets," Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service. *Nylok*, 396 F.3d at 807. Though we do not insist that foreign service always be the first step, or that it be attempted within the first 120 days, in some cases that will be the only reasonable course. Good faith and reasonable dispatch are the proper yardsticks.

*Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). The plaintiff in *Lozano* sought further time to effectuate proper service according to Rule 4's provisions for service of process outside the United States—arguing that she was taking diligent steps to serve the defendant. *Lozano*, 693 F.3d at 487. The defendant objected to plaintiff's request, but after applying the "flexible due diligence" approach, the court recognized that plaintiff had made "[s]everal reasonable efforts" at service and decided that a "litigation-ending dismissal with prejudice" would not be "in the interest of justice. *Id.* at 491.

This case differs from *Lozano*, for although Viahart has made many diligent attempts to serve the Defendants, none of the Defendants have made an appearance

yet in this case. Good cause therefore exists for Viahart's delay in serving the Defendants because, despite Viahart's diligent attempts to serve each Defendant at each discovered physical address, these physical addresses have all proven to be false or deficient in some way. Viahart is thus forced to seek other means by which it can properly serve the Defendants, despite its good faith efforts to serve each Defendant pursuant to this Court's orders and the Federal Rules of Civil Procedure. Viahart's diligence therefore satisfies Federal Rule of Civil Procedure 4(m) and the "flexible due diligence" standard employed by the Fifth Circuit.

## II.   The Foreign Defendants Can Be Served Via Email Pursuant to Federal Rule of Civil Procedure 4(f)(3)

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries. In addition to prescribing traditional means of service, Rule 4(f) permits service by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Although service by "other means" under Rule 4(f)(3) is considered alternative service, "Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under [Rule 4(f)(1) and Rule 4(f)(2)]." *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) (citing *Rio*

*Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Rule 4(f)(3) is "expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases . . . [which] necessarily includes the utilization of modern communication technologies . . . ." *Popular Enterprises, LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004).

Courts have broad discretion in ordering service under Rule 4(f)(3) so long as the service comports with constitutional notions of due process. *Rio Properties, Inc.*, 284 F.3d at 1016. To meet this requirement, the method of service ordered by the district court must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 312 (1950) (internal quotation marks omitted)). A strong consideration in whether to exercise such discretion is whether, after a party has "reasonably attempted to effectuate service on defendant . . . the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) (recognizing that service by email is appropriate under Rule 4(f) of the Federal Rules of Civil Procedure if the court finds that such would be reasonably calculated to apprise the defendant of the pendency of the lawsuit); *see also In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D.

Cal. June 12, 2008) (authorizing alternative service because "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" in China).

### A.     Service By Email Is Constitutional Because It Is "Reasonably Calculated" To Provide The Foreign Defendants With Notice Of The Action

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc.*, 284 F.3d at 1017. "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id.*

Federal Courts across the country have presumed delivery of an email if it is not returned as undeliverable. *Fed. Trade Comm'n v. EMP Media, Inc.*, No. 218CV00035APGNJK, 2018 WL 664796, at *2 (D. Nev. Feb. 1, 2018) (citing *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-0246-DOC (DFMX), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (finding that emails presumably reached the defendant when they were sent to email addresses provided to a domain name registrar, and the emails did not bounce back); *Popular Enterprises, LLC*, 225 F.R.D. at 562 (finding that an email presumably reached the defendant when it was sent to an email address provided to a domain name registrar, and the email did not bounce back).

By selling and marketing their products online and utilizing the services of the various online e-commerce sites, Defendants have embraced communication via email. Because valid email addresses must be established and verified by the Marketplaces before the Defendants are able to list their products (Ex. A), email is a means reasonably calculated to apprise Defendants of the pendency of the lawsuit. Given the nature of the Defendants' online businesses, which require an understanding of and proficiency in online communication, service via email is more efficient, accessible, and preferred than service of paper copies of pleadings.

Viahart has diligently, yet unsuccessfully, attempted to serve process on the Domestic Defendants pursuant to the Federal Rules of Civil Procedure and to contact the Foreign Defendants via FedEx at the physical addresses provided by the Marketplaces. (Exs. A, C.) None of the service or contact attempts were successful because the physical addresses were false. (Exs. A, B, C.) On the other hand, the email addresses procured from the Marketplaces were the email addresses that each of the Defendants designated as their means of contact for business and notification purposes. Viahart has emailed each Defendant with a known email address, notifying them of this lawsuit and inviting them to discuss settlement. (Exs. A, E.) None of the emails Viahart sent to the 59 Defendants in Exhibit B were returned as undeliverable. (Ex. B.) Additionally, Viahart received reply emails from five of these Defendants. *Id*. Given that each of the Defendants are parties to this lawsuit because they do business through e-commerce sites that utilize email for communication, service via email is reasonably calculated to apprise the Defendants of the pendency

of this action and afford them an opportunity to present their objections. "[T]he Constitution requires nothing more." *Rio Properties, Inc.*, 284 F.3d at 1018.

The facts in this case are closely similar to those in *Chanel, Inc. v. Partnerships & Unincorporated Association. Chanel* involved trademark infringement claims against 1,000 Doe defendants who sold infringing products online, and the plaintiff supported its request to serve process via email by showing that the physical addresses associated with the website domains were fake. *Chanel, Inc. v. Partnerships & Unincorporated Associations*, No. CV H-12-2085, 2012 WL 12894807, at *1 (S.D. Tex. Oct. 10, 2012). Additionally, the plaintiff had "verified that all but four (4) of the defendants have *at least one valid email address*" because, after sending a pretextual email to the defendants' discovered email addresses, only four of these "bounced back." (ECF No. 15-2 at 14-15 (emphasis in original).) The court accordingly allowed service of process by email because the physical addresses were unknown— finding that email service was reasonably calculated to give the defendants notice. *Chanel, Inc.*, 2012 WL 12894807, at *2–3.

Like the plaintiff in *Chanel*, Viahart has done all it can do to locate physical addresses of the Defendants, but each address has proven to be false or deficient in some way. (Ex. A.) The Court in its May 15, 2019 Order distinguished *Chanel* from the facts of this case because Viahart had not yet proven that service of process by email would be reasonably calculated to notify each Defendant of this suit. (ECF No. 17 at 11.) Viahart has since sought discovery from the Marketplaces to determine the Defendants' contact information, and thereafter sent notice of this suit to each email

Viahart discovered. (Exs. A, B, E.) None of these emails were returned as undeliverable, and some of the Defendants even responded to Viahart's emails. (Exs. A, F.) Accordingly, this Court should allow Viahart to serve the Defendants via email, which is the option most reasonably calculated to notify the Defendants of this suit.

This case is also nearly identical to *BVE Brands, LLC v. Does 1-82*, which is currently pending before the U.S. District Court for the Western District of Texas, Austin Division. No. 20-00505 (W.D. Tex. May 11, 2020). In *BVE Brands*, a counterfeit version of plaintiff's product was being sold by foreign sellers via online marketplaces. (Ex. G at 2.) The plaintiff was unable to verify the addresses for "nearly all" of the defendants, however, because the addresses available to the plaintiff were false. *Id.* The court held that "alternative service by email" was "permissible under the Hague Convention, Rule 4(f), and the requirements of due process" because the plaintiff had been unsuccessful in discovering the defendants' true addresses, and because the plaintiff established that the defendants "must use email to 'communicate with consumers' and 'maintain contact' with ecommerce platforms and 'must provide electronic mail addresses for their payment accounts to accept payments[.]" *Id.* at 15. The court specifically noted that:

> Courts often authorize email service "when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line (particularly business related to the subject of the suit), and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service." *Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (collecting cases). Most if not all of those circumstances are found here.

Ex. G at 15. Accordingly, the *BVE Brands* court authorized alternative service of process via email on the 84 unnamed foreign defendants on May 14, 2020. *Id*. at 21.

Like the plaintiff in *BVE Brands*, Viahart has diligently sought to obtain physical addresses for the Defendants to effect traditional service, the Defendants all do business online, and Viahart has even received response emails from some of the Defendants. (Exs. A, B.) This Court should therefore allow Viahart to serve the Defendants via email, which is the option most likely to reach the Defendants. Such would not only follow precedent, but would also comply with the Federal Rules of Civil Procedure and the requirements of due process.

### B.    Email Service Is "Not Prohibited By International Agreement"

The Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs of Texas, LLC*, 2014 WL 11342502, at *1 (emphasis in original) (citing *Rio Properties, Inc.*, 284 F.3d at 1014). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id.*

Service of the Defendants via email is not prohibited by international agreement, and the Hague Service Convention does not apply to service on the Foreign Defendants (Article 1 of the Hague Convention provides, in part: "This Convention shall not apply where the address of the person to be served with the

document is not known"). Art. 1, 20 U.S.T. 361, 1969 WL 97765, at *1 (Feb. 10, 1969). Many courts have upheld this notion and ruled that the Hague Convention does not apply where a defendant's foreign physical address is unknown. *United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014) (holding that defendant's address is unknown and that the Hague Convention does not apply after plaintiff made numerous diligent attempts to serve defendant); *Collins*, 2010 WL 4954727, at *1 (holding that email service was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017) (acknowledging that several courts have held that the Hague Convention allows service by email); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (permitting email service after plaintiff's attempts to serve defendant who lived in China via the Hague Convention were unsuccessful); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *3 (D. Colo. Jan. 17, 2012) (holding that the Hague Convention did not apply to defendant who lived in China and whose address was unknown); *Chanel, Inc. v. Zhong Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *3-4 (W.D. Tenn. Mar. 17, 2010) (holding that the Hague Convention does not apply and that email service on a defendant who ran an allegedly infringing online business "not only meets constitutional standards, but also is the method of service most likely to reach Defendant"); *Popular Enterprises, LLC*, 225 F.R.D. at 562

(permitting email service after plaintiffs attempts to comply with the Hague Convention were unsuccessful because defendant's address was unknown).

The actual physical addresses of the Foreign Defendants are unknown to Viahart, as proven by Viahart's diligent efforts and attempts to contact them at the addresses obtained from the Marketplaces, which turned out to be false. (Exs. A, B, C.) Accordingly, the Hague Convention does not apply, and service by email is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Viahart thus respectfully requests that this Court authorize alternative service of process on the Foreign Defendants by email.

### III.   The Domestic Defendants Can Be Served Via Email Pursuant To Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2)

To the extent that a Defendant resides in the United States, service by email can be authorized under Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2). Federal Rule of Civil Procedure 4(e) provides that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(b) provides that, upon a plaintiff's motion supported by affidavit,[1] the court may authorize service "in any other manner that the affidavit or other evidence before the

---

[1] The supporting affidavit must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and specific facts showing that traditional service under Rule 106(a) has been unsuccessfully attempted "at the location named in such affidavit[.]" *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 5722670, at *3 (N.D. Tex. June 29, 2018).

court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Texas courts have routinely granted motions for alternative service via email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2). *See generally VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677, at *1-2 (N.D. Tex. May 5, 2020); *Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980, at *2 (W.D. Tex. Apr. 27, 2020); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *3 (S.D. Tex. Mar. 20, 2013); *Collins*, 2010 WL 4954727, at *1. From a constitutional standpoint, email service on the Domestic Defendants is analogous to email service on the Foreign Defendants because service by email is reasonably calculated to give the Domestic Defendants actual notice of the lawsuit. *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (holding that service by email is "reasonably calculated to give actual notice" to the Domestic Defendants because they, along with the Foreign Defendants, "are all engaged in internet-based commercial activities and rely on email as a means of communication").

Viahart has already emailed the Domestic Defendants at the email addresses provided by the Marketplaces, and none were returned as undeliverable. (Exs. A, B.) Additionally, Viahart received a reply email from two of these Domestic Defendants. (Ex. B.) Because courts find or presume delivery of an email if it is not returned as undeliverable, and because email is the method of service most likely to reach the

Defendants, email service will apprise the Domestic Defendants of this action and give them the opportunity to be heard.

## CONCLUSION

For the foregoing reasons, Viahart respectfully requests that this Court authorize alternative service of process by email on the Foreign Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) and on the Domestic Defendants pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2). Viahart will effect alternate service on Defendants by email promptly upon this Court's authorization of such service.

Dated: May 29, 2020                    Respectfully Submitted,

                                       **CREEDON PLLC**

                                       By: */s/ Charles A. Wallace*
                                       James H. Creedon
                                       Texas Bar No. 24092299
                                       Charles A. Wallace
                                       Texas Bar No. 24110501
                                       3001 Dallas Parkway, Suite 570
                                       Frisco, TX 75034
                                       Tel.   972.850.6864
                                       Fax    972.920.3290
                                       jhcreedon@creedonpllc.com
                                       cwallace@creedonpllc.com

                                       **ATTORNEYS FOR PLAINTIFF
                                       VIAHART, LLC**

## **CERTIFICATE OF SERVICE**

I certify that on May 29, 2020, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

*/s/ Charles A. Wallace*
Charles A. Wallace

## **CERTIFICATE OF CONFERENCE**

No Defendant has appeared in this case and therefore, pursuant to Local Rule CV-7, undersigned counsel states that he is unable to meet and confer with Defendants and unable to state whether this motion is opposed.

*/s/ Charles A. Wallace*
Charles A. Wallace